# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

NICOLAS D. DISMUKE                                                                                    PLAINTIFF
ADC #159224B

v.                                          4:20-cv-01226-JM-JJV

JAMES GIBSON,
Head Warden, Varner Unit, ADC, *et al.*                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact. Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Nicolas D. Dismuke ("Plaintiff") is a prisoner in the Varner Unit of the Arkansas Division of Correction ("ADC"). He has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 alleging:

> On the date of 7/3/20, CO II E. Hosak falsified documentation against me. On July 4th & 5th attempts were made by me to have shift Capt. Scott Taylor investigate to no avail. On 7/6/20 I spoke with Major B. Carrol requesting him to investigate the matter also to no avail. A grievance was filed 7/20/20 & denied

1

> after being advised all investigations are approved or requested by unit warden to whom I forwarded my grievance on was said to have no merit by J. Gibson. My appeal was denied reversal by Director Dexter Payne on 8/11/20. On 8/31/20 Major Carrol advised me of a finding of innocence. But after going to classification on 9/30/20, I was again denied my due process & further subjected to cruel & unusual punishment. My 5th amendment right not to be deprived of life, liberty, or property without due process was violated by this administration. And also, my 8th amendment right not to be subjected to cruel & unusual punishment was violated by this administration.

(Doc. 2 at 4.)  Plaintiff named ADC Director Payne, Warden Gibson, Deputy Warden Shipman, Major Carrol, Shift Captain Taylor, and Correctional Officer Hosak as Defendants. As relief, he seeks the restoration of lost privileges, reinstatement of his classification level, and monetary damages. And, he has sued Defendants in their official capacities only.[1] For the following reasons, I conclude he has failed to state a claim upon which relief may be granted.[2]

First, supervisors cannot be held vicariously liable in § 1983 actions for constitutional violations committed by their subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). Thus, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has not explained how Deputy Warden Shipman personally participated in

---

[1] Plaintiff may obtain injunctive relief, such as the reinstatement of his privileges and classification level, from Defendants in that capacity. *See Larson v. Kempker*, 414 F.3d 936, 939-40 (8th Cir. 2005). But, the doctrine of sovereign immunity prevents him from recovering monetary damages from them in their official capacities. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kruger v. Nebraska*, 820 F.3d 295, 301(8th Cir. 2016).

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

the alleged violation of his constitutional rights.  Thus, Plaintiff has not pled a plausible claim against him.

Second, Plaintiff says Defendants Hosak, Taylor, Carrol, Gibson, and Payne violated his due process rights.[3]  But, prisoners do not have a due process right to have internal investigations conducted or grievances properly processed.  *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Brown v. Frey*, 889 F.2d 159, 170-71 (8th Cir. 1989).  Thus, Plaintiff has not pled a plausible due process claim against these Defendants regarding the allegedly falsified document, lack of internal investigation, and denial of grievances.

Third, Plaintiff makes the conclusory allegation that he was denied due process and subjected to cruel and unusual punishment after his September 30, 2020 classification hearing.  But, he has not provided any facts explaining who violated each of those constitutional rights or how they did so.  *See Iqbal*, 556 U.S. at 678 ("labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim).

Fourth, Plaintiff says he was advised of a "finding of my innocence."  (Doc. 2 at 4.)  This could mean Plaintiff was found innocent of a disciplinary charge, perhaps resulting from the false document Defendant Hosak allegedly filed against him.  On the other hand, Plaintiff asks for the restoration of privileges, reinstatement of his classification level, and monetary damages for each day he spent in segregation, which suggests he believes he was wrongfully convicted of a disciplinary charge.  (*Id.* at 5.)  Prisoners have a right to procedural due process during

---

[3] Because Defendants are state actors, Plaintiff's due process claim falls under the Fourteenth Amendment and not the Fifth Amendment, which applies to federal actors.  *See Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019).

disciplinary proceedings only if they have a liberty interest at stake. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003). Prisoners have a liberty interest in avoiding temporary placement in administrative or punitive segregation only if the conditions there are an "atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 485; *Rahman X v. Morgan*, 300 F.3d 970, 973 (8th Cir. 2002). And, the Eighth Circuit has "consistently held that a demotion to segregation, even without cause, is not itself an atypical or significant hardship." *Smith v. McKinney*, 954 F.3d 1075, 1082 (8th Cir. 2020); *Hamner v. Burls*, 937 F.3d 1171, 1180 (8th Cir. 2019). Plaintiff has not pled any facts suggesting the conditions in segregation were an atypical or significant hardship, and the Eighth Circuit has held the temporary confinement in punitive isolation does not give rise to a liberty interest. *See Ballinger v. Cedar Cnty*, Mo., 810 F.3d 557, 562-563 (8th Cir. 2016) (no liberty interest when a prisoner was held in solitary confinement for one year with reduced access to showers, telephones, exercise, and social interaction); *Portley-El v. Brill,* 288 F.3d 1063, 1065-66 (8th Cir. 2002) (thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*). Similarly, prisoners do not have a liberty interest in maintaining a particular classification level or in keeping commissary, phone, or visitation privileges. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Smith,* 954 F.3d at 1082; *Persechini v. Callaway*, 651 F.3d 802, 807, n. 4 (8th Cir. 2011). Thus, Plaintiff has not pled a plausible claim regarding the disciplinary proceedings that may have been held against him.

Importantly, I have previously explained these pleading deficiencies to Plaintiff, given him thirty days to file an Amended Complaint curing them, and advised him I would recommend dismissal if he failed to timely do so. The time to file an Amended Complaint has expired. Thus,

I recommend the Complaint be dismissed without prejudice for failing to state a claim upon which relief may be granted.

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. Dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).[4]

3. It be certified, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order and Judgment adopting these recommendations would not be taken in good faith.

DATED this 19th day of November 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[4] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."